UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
(Southern Division)

| | |
|---|---|
| DEAL WIRELESS, LLC, and<br>ALL USA WIRELESS, LLC<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SELECTIVE WAY<br>INSURANCE COMPANY<br><br>　　　　Defendant.<br>_____/ | Civil Action: 2:15-cv-14280-DPH-EAS<br>Hon. Denise Page Hood<br>Mag. Judge Elizabeth A. Stafford |

| | |
|---|---|
| Marc A. Deldin (P71041)<br>Deldin Law, PLLC<br>Attorneys for Plaintiff<br>48 S. Main, Suite 3<br>Mount Clemens, MI  48043<br>(586) 741-8116<br>marc@deldinlaw.com | Michael T. Small (P33650)<br>Harvey Kruse, P.C.<br>Attorneys for Defendant<br>60 Monroe Center, N.W. - Ste. 500B<br>Grand Rapids, MI  49503<br>(616) 771-0050<br>msmall@harveykruse.com |

_____/

### STIPULATED PROTECTIVE ORDER

This matter coming to the attention of this Court and the Court being otherwise advised in the premises, the Court hereby enters this Protective Order setting forth the procedures for maintaining the confidentiality of certain documents. Accordingly, it is hereby ordered that production of these documents is governed by the following provisions:

**1.    Non-Disclosure of Documents Stamped Confidential.**

The Producing Party may designate any document it produces as confidential by stamping the word "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" in accordance with this Protective Order (said documents being sometimes referred to herein as "Confidential Selective" or "Selective Documents") will be afforded the protection provided in

1

this Order, unless this Court finds otherwise by subsequent order. Without the prior written consent of the Producing Party, no document stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" may be shown to any person by the party receiving the Confidential Document (i.e., the Receiving party), except as provided in this Protective Order or by subsequent order of this Court. To the extent the Receiving Party objects to the designation of any document as "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" under the terms of this Order, said dispute will be handled as provided in paragraph 5.

    **2.**    **Permissible Disclosure.**

Documents stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE," or portions thereof, may only be provided and disclosed to the Parties; to counsel for the Parties who are actively engaged in the conduct of this matter of Deal Wireless, LLC and All USA Wireless, LLC v. Selective Way Insurance Company, filed in the United States of American Eastern District of Michigan (Southern Division), Case No. 2:15-cv-14280-DPH-EAS (hereinafter referred to as "the Litigation"); to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; and to the Court and any related court officials involved in the Litigation or any appeal thereof (including court reporters and persons operating video recording equipment at depositions).

    a.    Documents stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" may also be provided and disclosed to the following persons provided such persons have first been provided with a copy of this Protective Order and have executed the Agreement to be Bound by Stipulated Protective Order (attached hereto as Exhibit "A") as a condition for receiving such

        Confidential Documents thereby acknowledging their understanding of this Protective Order and agreement to be bound by its terms:

        i.    Any expert retained by the Parties or their counsel for the purpose of assisting in the Litigation; and

        ii.    Any mediator, settlement judge, or other person appointed, assigned or engaged by the parties or the Court to attempt to resolve all or part of the issues in this litigation.

b.    The signed copies of this Protective Order and Exhibit "A" will remain in the possession of the Receiving Party.

c.    It is expressly agreed that this Protective Order only allows the Confidential Documents to be provided and disclosed only to the Receiving Party and other individuals set forth herein.

d.    If the Receiving Party believes that it is necessary for purposes of the Litigation to provide or disclose any Confidential Documents or information contained therein to any person not identified above, the Receiving Party may file a motion to amend the Protective Order to include any such person(s). In the alternative, the Receiving Party and the Producing Party may agree to the foregoing by way of written stipulation obviating the need for a motion.

3. **<u>No waiver</u>.**

a. Review of the Confidential Documents and information contained therein by parties, counsel, experts, or consultants for the Plaintiff and Defendants in the Litigation shall not waive the confidentiality of the documents or objections to production.

b. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

4. **<u>Filing Documents with Court</u>.**

Any party wishing to file a Confidential Document with the court in the Litigation must file the Confidential Document under seal in accordance with the procedures set forth below:

a. Submission of Confidential Material to the Court shall be as follows:

  i. All documents containing, describing or discussing in any way Confidential Material which are submitted to the Court shall be filed with a place holder electronically (e.g., Exhibit 1 – Confidential Document, Not Filed But Served) and deliver a hard copy to the Judge and opposing counsel inclusive of the actual exhibit in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "Confidential" and a statement substantially in the following form:

  > **THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED NOR ARE THE**

...

**CONTENTS TO BE EXAMINED, REVEALED OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.**

b.  The document filed with the Judge shall indicate clearly which portions are claimed to be confidential.

c.  Any Court hearing at which Confidential Material may be used, described, or referred to in any way shall in the Court's discretion be in-camera. Any party may request such a hearing be held in-camera.

**5.  Challenge to "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" Designation.**

This Order shall not prevent any party from moving the Court for an Order that a document stamped 'SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" is not, in fact, confidential. A party shall not be obligated to challenge the propriety of a designation of 'SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" at the time made, and failure to do so shall not preclude subsequent challenge. In the alternative, the Receiving Party and the Producing Party may agree by way of written stipulation to re-designate a document originally stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" as non-confidential obviating the need for a motion.

**6.  Destruction of Documents Stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE".**

Within ninety (90) days of the conclusion of the Litigation or any appeals therefrom (whichever is later), the Receiving Party will deliver to the Producing Party, or destroy and certify the destruction is writing, all documents stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE", including all copies, electronically stored documents, reproductions, summaries, reports, analyses or extracts thereof or based thereon, in the Receiving Party's

possession, custody, or control or in the possession, or control of any of his representatives or agents.

       7.      <u>**Use**</u>.

Persons obtaining access to Confidential Documents covered by this Order shall use the information only for the preparation and trial of the Litigation, and any appeals therefrom, or for purposes of negotiations to settle such actions, and shall not use such information for any other purposes including business, governmental, or commercial purposes.

       8.      <u>**Use of Confidential Documents in Depositions and at Trial**</u>.

Without the necessity of filing a motion under Section 2.d of this Protective Order, contents of Confidential Documents may be disclosed to witnesses at a deposition, who agree to be subject to the provisions of this Order, at which time counsel introducing the Confidential Document shall indicate on the record that the testimony is confidential and subject to the provisions of this Order. To the extent a witness does not agree to be bound to the provisions of this Order, said witness shall not be furnished with a copy of any confidential deposition transcript(s) and/or Confidential document(s) even if marked as a deposition exhibit. Disclosure of such confidential information to the deponent hereunder is not intended to abrogate or otherwise affect any pre-existing obligations such person may have regarding the confidentiality of such information. Portions of deposition transcripts containing testimony that has been designated confidential shall be marked "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" and shall be subject to the provisions of this Order. Notwithstanding the foregoing, Confidential Documents may be disclosed to party witnesses (e.g., the parties, their representatives and employees) and marked as an exhibit during a deposition without the need to have that witness agree to be subject to the provisions of this Order.

Nothing in this Order shall prevent or restrict a party from introducing, or objecting to the introduction of, a Confidential Document as evidence at trial.

9. **Non-Confidential Information.**

Nothing in this Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information that is (a) otherwise publicly available, or (b) independently developed as evidence by written record. However, to the extent this information has been designated "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE", the party seeking to disclose the information must follow the procedures set forth in Paragraph 5, above.

10. **Attorney-Client Privilege Work Product.**

Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege or as work product.

11. **Miscellaneous Provisions.**

a. In the event that a document which a party believes is entitled to protection as confidential is inadvertently produced after the date of this Order without being stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE," or any inspection of any such document proceeds without it being stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE," the Producing Party may notify the Receiving Party, and the Receiving Party shall thereafter treat the document as if it had been stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE."

b. In the event of any accident or inadvertent disclosure of documents stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE," other than in a

    manner authorized by the Order, counsel of the party responsible for disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Documents from the recipient(s) thereof, and securing the agreement of the recipient(s) not to further disseminate the Confidential Documents in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

c. The recipient of any documents stamped "SUBJECT TO CONFIDENTIALITY ORDER - SELECTIVE" shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the documents stamped "CONFIDENTIAL" as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Document produced in this action hereby agrees to be subject to the jurisdiction of this Court for the purpose of the implementation and enforcement of this Order.

d. This Order shall survive the termination of this Litigation.  The Court shall retain jurisdiction over the parties and the subject matter herein for the purpose of enforcement of this Order.

e. If a party in possession of Confidential Documents obtained from the Producing Party receives a subpoena or other form of compulsory process from a non-party to this action seeking production or other disclosure of such Confidential Documents or information contained therein, it shall immediately give written notice to the Producing Party, specifying the information sought and enclosing a

      copy of the subpoena or other form of compulsory process, and shall proceed in a good faith manner consistent with affording the Producing Party the opportunity to timely object, intervene or otherwise have its interests heard and protected with respect to such subpoena or process.

    f.    Nothing contained in this Order shall preclude the Producing Party from using its own Confidential Documents or information in any manner its sees fit, or from revealing such Confidential Documents or information to whomever it chooses, without the prior consent of any other party or of this Court, provided that such use of a party's own Confidential Documents or information does not disclose the other party's confidential information.

**12.**    **Copying.**

In lieu of originals, copies of Confidential Documents may be disclosed to any persons to whom documents may be disclosed pursuant to this Order. All copies of Confidential Documents shall be subject to and governed by all provisions of this Order as if such copies were originals.

**13.**    **Good Faith Basis**

There must be a good faith basis for designation of a document material or information as Confidential, and designation of same shall be deemed an affirmation that the document, information or material has not been previously disclosed or published in a non-confidential manner and/or not subject to a protective order.

SO ORDERED AND ADJUDGED this the 2nd day of June, 2016.

                                            s/Denise Page Hood
                                            Chief Judge, U.S. District Court

Dated:  May 27, 2016


/s/  Marc A. Deldin                       /s/  Michael T. Small
Marc A. Deldin (P71041)             Michael T. Small (P33650)
Deldin Law, PLLC                    Harvey Kruse, PC
Attorneys for Plaintiff                Attorneys for Defendant
48 S. Main, Suite 3                   60 Monroe Center, NW, Suite 500B
Mount Clemens, MI  48043         Grand Rapids, MI 49503
(586) 741-8116                        (616) 771-0050
marc@deldinlaw.com               (616) 776-3646 fax
                                             msmall@harveykruse.com

UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
(Southern Division)

| | |
|---|---|
| DEAL WIRELESS, LLC, and<br>ALL USA WIRELESS, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>SELECTIVE WAY<br>INSURANCE COMPANY<br><br>    Defendant.<br>_____/ | Civil Action: 2:15-cv-14280-DPH-EAS<br>Hon. Denise Page Hood<br>Mag. Judge Elizabeth A. Stafford |
| Marc A. Deldin (P71041)<br>Deldin Law, PLLC<br>Attorneys for Plaintiff<br>48 S. Main, Suite 3<br>Mount Clemens, MI  48043<br>(586) 741-8116<br>marc@deldinlaw.com | Michael T. Small (P33650)<br>Harvey Kruse, P.C.<br>Attorneys for Defendant<br>60 Monroe Center, N.W. - Ste. 500B<br>Grand Rapids, MI  49503<br>(616) 771-0050<br>msmall@harveykruse.com |

_____/

**EXHIBIT "A"**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1.  I have read and understand the Protective Order governing treatment of Confidential Documents as defined in the Stipulated Protective Order in this action.

2.  I hereby agree that I will not use any Confidential Documents for any purpose other than this action.

3.  I hereby agree to be bound by the terms of the Protective Order.

4.  For the purposes of enforcing the terms of the Protective Order, I hereby submit to the jurisdiction and venue of the above Court.

Printed Name:_____

Dated:_____        Signature:_____

11