UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAL WIRELESS, LLC,
ALL USA WIRELESS, LLC,

          Plaintiffs,        CASE NO. 15-14280
                                    HON. DENISE PAGE HOOD
v.

SELECTIVE WAY INSURANCE
COMPANY,

          Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS, IMPOSE A LIEN ON ANY RECOVERY, AND STAY PROCEEDINGS [#40] AND SETTING STATUS CONFERENCE

**I.    BACKGROUND**

On December 8, 2015, Plaintiffs Deal Wireless, LLC ("Deal") and All USA Wireless, LLC ("All USA") filed a Complaint against Defendant Selective Way Insurance Company ("Selective") for breach of contract related to an insurance claim arising out of a fire at Deal and All USA's cell phone store in Madison Heights, Michigan. (Doc # 1) This matter is now before the Court on Plaintiffs' Attorney's Motion to Withdraw as Counsel for Plaintiffs, Impose a Lien on any Recovery, and Stay Proceedings, filed on January 6, 2017. (Doc # 40) Defendant

1

has submitted a Response concurring with the Motion. (Doc # 44) The Court held a motion hearing on January 25, 2017.

Selective issued a policy insuring Deal, All USA, and their cell phone store, including their inventory. The policy voids coverage where an insured makes material misrepresentations in claims on the policy. On September 20, 2014, a fire occurred, causing damage to the cell phone store and inventory. Deal and All USA notified Selective of their losses.

According to an Affidavit of James Pebble, Executive General Adjuster at Selective, Deal represented that it acquired nearly $500,000.00 in inventory, primarily with cash. (Doc # 31-2, Pg ID 452) However, Deal's 2013 tax return reported only $3,701 in purchases of inventory for the year, and Deal's bank statements showed withdrawals of only $39,298.00 in 2013. *Id.* When Selective requested an explanation of how Deal obtained the cash to purchase the inventory, Deal for the first time produced eight promissory notes indicating that Deal acquired approximately $430,000.00 in inventory on credit from four different creditors in the months preceding the fire. *Id.* The promissory notes required no payment for three and sometimes four years. *Id.* Selective asserts that all of the promissory notes are "highly irregular" because they are all nearly identical, they provide for no payment to be made by Deal for a period of three to four years even though cell phones and accessories become out of date in a year or two, and they

designate individual business owners rather than the businesses as the payees on the notes. According to the deposition of Gerald Scott, Deal's inventory appeared to be old and outdated. (Doc # 31-3, Pg ID 456) According to the deposition of Mazen Maktari ("Maktari"), owner of Deal, Deal's financial records reflected only approximately $42,000.00 in sales of product from January 1, 2014 to September 20, 2014. (Doc # 31-4, Pg ID 464-65)

## II. ANALYSIS

### A. Withdrawal of Attorney

Counsel for Plaintiffs argues that he has just cause to withdraw as Counsel for Plaintiffs. Counsel asserts that Plaintiffs have breached their agreement with Counsel and refuse to cooperate with Counsel after executing an initial settlement agreement that resolved this matter for $185,000. Counsel argues that he cannot continue representing Plaintiffs without possibly implicating Rule 11 given that Defendant will likely file a motion to enforce the agreement. Defendant in its Response concurs in the Motion and confirms that it intends to file a motion to enforce the settlement. Defendant asserts that any opposition to the motion to enforce the settlement would be groundless and should trigger sanctions under Rule 11.[1]

---

[1] Federal Rule of Civil Procedure 11 provides as follows. "By representing to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

On November 26, 2015, Plaintiffs executed a fee agreement with Counsel. (Doc # 40-3) The agreement required Plaintiffs to cooperate with Counsel, and the fee structure was contingent upon the outcome of the matter. Plaintiffs and Counsel agreed to apply the principles of quantum meruit to determine the fee if the agreement was terminated.

On December 22, 2016, the parties went to mediation with the Honorable Fred Mester.[2] The parties reached an agreement, which provides as follows.

> The parties do agree to full and complete settlement of the $185,000 payable within 30 days. Respecting Attorneys will be responsible to work together and formulate the formal settlement agreement and final order of dismissal for the Court within 10 days of the Execution of the formal agreement.

(Doc # 40-2)

A formal settlement agreement has been prepared (Doc # 40-4), but Counsel asserts that Plaintiffs have refused to sign the document without any explanation or communication of any objection, despite multiple requests by Counsel.

Counsel asserts that there has been a breakdown in the attorney-client relationship. He notes that on January 3, 2017, Plaintiffs hand delivered a letter to

---

circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . . If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(b)-(c).

[2] The Honorable Fred Mester is a retired state court judge working in the mediation field.

Counsel and demanded that Counsel sign a "Personal Proof of Service" (Doc # 40-5), which Counsel asserts he has never had happened in nine years of practice. Counsel notes that he provided ample notice of his intention to withdraw because of Plaintiffs' failure to cooperate, communicating with Plaintiffs in writing on December 30, 2016, on January 3, 2017, and on January 5, 2017.

A client's total failure to cooperate is sufficient good cause to allow his attorney to discontinue representing him and to recover for his services. *Ambrose v. Detroit Edison Co.*, 65 Mich. App. 484, 489 (1975). The refusal to settle by a client can never be sufficient grounds to constitute good cause for an attorney to withdraw, but may be so irrational as to constitute one factor in evaluating his cooperation with his attorney. *Id.* at 491 (finding that attorney had good cause to withdraw when client refused to accept settlement offer embodying virtually all of the relief sought without justification, and there was a breakdown in the attorney-client relationship).

In this case, Plaintiffs' agreement with Counsel requires that they cooperate, and provides that Counsel may terminate the agreement if Plaintiffs fail to do so. Counsel represents that he has warned Plaintiffs of this several times. While the plaintiff in *Ambrose* rejected a settlement offer, in this case, Plaintiffs actually signed an agreement to settle the matter for a specified sum following mediation. Like the plaintiff in *Ambrose*, Counsel represents that Plaintiffs have provided no

5

explanation for why they have subsequently refused to sign the formal settlement agreement. As the court observed in *Ambrose*, this makes intelligent decisions by Counsel virtually impossible, as he cannot even tell which areas may be of concern to Plaintiffs. *See id.* at 491. After review of the Motion and the hearing, the Court is satisfied that there has been a breakdown in the attorney-client relationship, and Rule 11 sanctions may be implicated if Defendant files a motion to enforce the settlement agreement. The Court concludes that Counsel for Plaintiffs has just cause to withdraw and grants his Motion.

**B. Charging Lien Against Any Recovery**

Counsel for Plaintiffs argues that he is entitled to a charging lien against any recovery in this matter because he has just cause to withdraw. Counsel notes that Plaintiffs contractually agreed that in this event Counsel's attorney fee would be determined through the principles of quantum meruit. Counsel represents that his law firm has spent more than 275 hours on this matter. Defendant does not oppose the Motion and responds that it will respect Counsel's attorney's lien on the amounts payable under the settlement.

As the court explained in *Ambrose*,

> The law creates a lien of an attorney upon the judgment or fund resulting from his services. When an attorney withdraws from a case, his reasons for doing so determine whether the lien will be preserved: An attorney who withdraws from a suit without cause loses his inchoate right to a lien on the ultimate recovery. But where an

> attorney is justified in refusing to continue in a case, he does not forfeit his lien for services already rendered.

*Id.* at 487-88 (internal quotations and citations omitted). The decision whether to impose an attorney's lien lies within the trial court's discretion. *Id.* at 489.

Since the Court finds that Counsel for Plaintiffs has just cause to withdraw and will allow him to do so, the Court imposes a lien for the quantum meruit measure of the reasonable value of the services rendered.

### C. Staying Proceedings

Counsel for Plaintiffs argues that the Court should stay proceedings for 30 days because Defendant will likely file a motion to enforce the settlement, implicating Rule 11 as discussed above. Defendant responds that it will file a motion to enforce the settlement, and it does not oppose a stay of proceedings, though it believes that the stay should exceed 30 days.

Pursuant to the Court's last scheduling Order, the final pretrial conference was scheduled for January 10, 2017, and the trial was scheduled for February 14, 2017. (Doc # 28) Those dates have passed. The Court notes that the parties had not contemplated a final pre-trial order because of the settlement agreement, and may still have motions in limine to prepare and file. Counsel noted that any substitute counsel would have to depose Defendant's expert in North Carolina (the deposition was previously canceled because of the settlement), prepare a *Daubert* challenge, and prepare for trial.

The Court finds that Counsel for Plaintiffs has just cause to withdraw and allows him to do so. The Court will reset pending dates and stay this matter for 30 days. A status conference is set for October 10, 2017 at 3:00 p.m.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiffs' Counsel's Motion to Withdraw as Counsel for Plaintiffs, Impose a Lien on any Recovery, and Stay Proceedings (Doc # 40) is GRANTED.

IT IS FURTHER ORDERED that a status conference is set for October 10, 2017 at 3:00 p.m.


Dated: August 23, 2017                s/Denise Page Hood
                                      Chief, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2017, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                      Acting in the absence of LaShawn Saulsberry
                                      Case Manager