UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAL WIRELESS, LLC, et al.,

    Plaintiffs,

v.

SELECTIVE WAY INSURANCE
COMPANY,

    Defendant.
_____/

Civil Action No. 15-14280

HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT [#64], DENYING PLAINTIFFS' MOTION TO STRIKE SETTLEMENT [#68], AND DENYING PLAINTIFFS' MOTION TO STRIKE [#72]**

**A. BACKGROUND**

On December 8, 2015, Plaintiffs Deal Wireless, LLC ("Deal Wireless") and All USA Wireless, LLC ("All USA Wireless") (collectively, "Plaintiffs") brought this action against Defendant Selective Way Insurance Company ("Selective Way"), alleging Defendant breached its insurance contract with Plaintiffs following an insurance claim arising out of a fire at Plaintiffs' cell phone store in Madison Heights, Michigan. (Doc # 1) On January 6, 2017, Plaintiffs' counsel Marc A. Deldin ("Deldin") filed a Motion to Withdraw as Counsel for Plaintiffs and to Impose a Lien on any Recovery, and Stay Proceedings. (Doc # 40) Deldin argued

1

that he had just cause to withdraw as counsel for Plaintiffs because they breached their agreement with Deldin and refused to cooperate with him after executing an initial settlement agreement that resolved this matter for $185,000. (*Id.*) The Court granted Deldin's Motion. (Doc # 48) Deldin filed a Motion to Determine Extent of Attorney's Charging Lien on September 13, 2017. (Doc # 50) The Court entered an Order granting Deldin's request for lien. (Doc # 63) Attorney Larry R. Polk appeared on behalf of Plaintiffs on October 5, 2017. (Doc # 54)

This matter is before the Court on Defendant's Motion to Enforce Settlement Agreement, Impose Sanctions and Award Attorney Fees (Doc # 64), Plaintiffs' Motion to Strike and/or Set Aside the Settlement Agreement (Doc # 68), and Plaintiffs' Motion to Strike Defendant's Response to Plaintiffs' Response to the Motion to Enforce Settlement and Attorney Affidavit (Doc # 72). All Responses and Replies have been filed.

**B. ANALYSIS**

For a federal court to retain jurisdiction over a matter following a settlement agreement, there must be a basis for jurisdiction. *Kokkonen v. Guardian Life Insurance Co., of America*, 511 U.S. 375, 378 (1994). A district court may retain jurisdiction of matter after settlement by (1) conditioning dismissal, when it is pursuant to Federal Rule of Civil Procedure 41(a)(2), on the parties' compliance with the terms of the settlement agreement; or (2) incorporating the settlement agreement

in the dismissal order or retaining jurisdiction over the settlement agreement when it is pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). *Kokkonen*, 511 U.S. 375, 381-82. Where a court retains jurisdiction, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkenen*, 551 U.S., at 381. Where jurisdiction is not retained, "enforcement of the settlement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 383.

Defendant has not established a basis for a federal court to exercise jurisdiction over the present Motion to Enforce the Settlement Agreement. "A settlement agreement is a type of contract and is therefore governed by contract law." *Neely v. Good Samaritan Hosp.,* 354 Fed. Appx. 39, 43 (6th Cir. 2009). Plaintiffs cause of action for breach of an insurance contract is not factually related to the breach of the settlement agreement between Plaintiffs and Defendant. Defendant's Motion to Enforce Settlement Agreement, Impose Sanctions and Award Attorney Fees is a separate cause of action under state contract law.

There has been no dismissal and no indication that this Court retains jurisdiction over the settlement agreement. Defendant has not provided facts to establish a basis for federal jurisdiction.

## C. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Settlement Agreement, Impose Sanctions and Award Attorney Fees (Doc # 64) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike and/or Set Aside the Settlement Agreement (Doc # 68) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Response to Plaintiffs' Response to the Motion to Enforce Settlement and Attorney Affidavit (Doc # 72) is **DENIED**.

**IT IS FURTHER ORDERED** that a Status Conference is set for September 17, 2018, at 1:30 p.m., as there has been no dismissal entered and this remains an open case on the Court's docket.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 17, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager